IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH A. STANLEY and BEA A. STANLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 10-1003-GPM ) |
| STATE FARM FIRE AND CASUALTY COMPANY, McCANN CONSTRUCTION COMPANY, and LISA DARR, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On December 17, 2010, following sua sponte review of the notice of removal filed in this case by Defendants State Farm Fire and Casualty Company ("State Farm") and Lisa Darr, the Court ordered State Farm and Darr to show cause why this case should not be remanded to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Court also noted several procedural defects in the removal of this case, including the fact that the removal is untimely, Defendant McCann Construction Company ("McCann") did not consent to the removal within the time to remove, and the removal of this case violates the so-called "first-served defendant" rule. The Court directed Plaintiffs Kenneth A. Stanley and Bea A. Stanley to file either a motion for remand of this case to state court on the basis of the procedural defects in the removal of the case identified in the Court's December 17 order or a written waiver of the procedural defects in the removal. State Farm and Darr now have filed a response to the Court's show cause order, together with a motion for leave to amend their notice of removal to

reflect McCann's consent to the removal. *See* Doc. 13, Doc. 11. Additionally, State Farm and Darr have filed an amended notice of removal asserting that McCann consents to the removal of this case. *See* Doc. 14. In turn, Mr. and Mrs. Stanley have filed a motion for remand and an amended motion for remand of this case to state court by reason of lack of federal subject matter jurisdiction and by reason of McCann's failure to consent to the removal of this case and the untimeliness of the removal. *See* Doc. 12, Doc. 15.

As was discussed in the Court's December 17 order, State Farm and Darr, whom Mr. and Mrs. Stanley allege to have mishandled a claim that Plaintiffs made on their homeowner's insurance in 2008, assert the existence of federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 on the grounds that the case arises under federal law. Specifically, because Mr. and Mrs. Stanley contend that the alleged mishandling of their insurance claim was prompted by racial animus, State Farm and Darr allege that this case arises under 42 U.S.C. § 1981, prohibiting racial discrimination in the making and enforcement of contracts. State Farm and Darr rely upon two district court decisions from outside this Circuit, *Jackson v. Mississippi Farm Bureau Mutual Insurance Co.*, 947 F. Supp. 252 (S.D. Miss. 1996), and *Lemon v. MTS, Inc.*, No. C.A. 01-2730, 2001 WL 872639 (E.D. Pa. July 2, 2001), in support of their theory of federal subject matter jurisdiction in this case. The opinions of sister federal trial courts are not binding on this Court, although the Court is entitled to give such opinions whatever persuasive weight they deserve, to the extent they do not conflict with the law of this Circuit as pronounced by the United States Court of Appeals for the Seventh Circuit and the Supreme Court of the United States. *See Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 689-90 (S.D. Ill. 2010). That said, the Court does not find either *Jackson* or *Lemon* to be especially persuasive in this instance.

In *Jackson*, the court found that 42 U.S.C. § 1981 completely preempts state-law claims for racial discrimination in the making and enforcement of contracts. *See* 947 F. Supp. at 255 (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988)). As the Court discussed in its December 17 order, the doctrine of complete preemption holds that state-law claims are removable to federal court in so-called "federal question" jurisdiction when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim[.]'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). As was also discussed in the December 17 order, the United States Supreme Court has found only a very small number of federal statutes to completely preempt state law for purposes of removal to federal court, and the Court knows of no controlling authority holding that Section 1981 is such a statute. In this connection, the Court notes that Congress has not undertaken to regulate the entire field of civil-rights law, and a right to relief for racial discrimination may arise by state statute and even, in some instances, by common law. *See, e.g., Beech Grove Inv. Co. v. Civil Rights Comm'n*, 157 N.W.2d 213, 228 (Mich. 1968). As for *Lemon*, in that case the court found that state-law claims for negligence, assault, battery, defamation, false arrest and imprisonment, negligent and/or intentional infliction of emotional distress, and invasion of privacy caused allegedly by racial animus against the plaintiff presented a substantial question of federal law for purposes of removal to federal court. *See* 2001 WL 872639, at **1-2. The so-called "substantial federal question" doctrine provides that "[e]ven though state law creates [a plaintiff's] cause of action, its case still might 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax*

*Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983) (quoting 28 U.S.C. § 1331). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Court instructed that a "substantial federal question" sufficient to warrant removal exists when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 313-14. As the Seventh Circuit Court of Appeals has explained, a substantial federal question is one that concerns the meaning of a federal law; by contrast, "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law" does not constitute a substantial federal question within the meaning of *Grable*. *Bennett v. Southwest Airlines Co*., 484 F.3d 907, 910 (7th Cir. 2007). Thus, even assuming for the sake of argument that the claims in this case present any question of federal law (and they do not), that question is simply whether State Farm and Darr violated federal law, not the meaning of a federal law, and thus no substantial federal question is presented. The Court concludes that this case is due to be remanded to state court for lack of subject matter jurisdiction.

Having addressed the issue of jurisdiction, the Court turns briefly to the matter of the procedural defects in the removal of this case. As noted, State Farm and Darr have requested leave to file an amended notice of removal showing that McCann, which failed to consent to the removal of this case within the time to remove, in fact consents to the removal. The authority cited by State Farm and Darr in support of their request for leave to amend their notice of removal, *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993), is not apposite. In *Shaw*, the court of appeals noted that there was a procedural defect in the removal of the case that was before it, namely, that fewer

than all of the defendants in the case had consented to removal, but that the question of the procedural defect in removal had never been raised in the district court. *See* 994 F.2d at 368-69. This is not the case here. Mr. and Mrs. Stanley, by counsel, have raised a timely objection to McCann's failure to consent to the removal of this case and, as the Court noted in its December 17 order, "[t]he plaintiff has a right to remand if the defendant did not take the right steps when removing[.]" *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994). Accordingly, the request by State Farm and Darr for leave to amend their notice of removal will be denied, and Mr. and Mrs. Stanley's request that this case be remanded to state court by reason of McCann's failure to consent to the removal of the case will be granted. Finally, Mr. and Mrs. Stanley object to the removal of this case on the additional ground that the removal is untimely. As was discussed in the Court's December 17 order, when this case was filed initially in state court in June 2010, Mr. and Mrs. Stanley's complaint contained allegations of racial discrimination by State Farm and Darr substantially identical to the allegations of racial discrimination contained in Mr. and Mrs. Stanley's current complaint that, State Farm and Darr claim, show that this case arises under 42 U.S.C. § 1981 for purposes of removal to federal court. However, State Farm and Darr failed to remove within thirty days of receipt of Mr. and Mrs. Stanley's initial complaint in this case, as required by 28 U.S.C. § 1446(b), and therefore the removal of this case is untimely and procedurally defective, furnishing still another basis for remand of the case to state court.[1]

---

1. It appears from the response to the Court's December 17 order filed by State Farm and Darr that the reason they failed to remove this case following service on them of Mr. and Mrs. Stanley's initial complaint in June and July 2010 is that State Farm and Darr were concerned about a recent order of another judge of this Court rejecting the theory of federal subject matter jurisdiction upon which the present removal is premised. Whatever, the reason for the delay in removing this case, State Farm and Darr do not seem to dispute that the removal of the case is untimely.

To conclude, the motion of State Farm and Darr for leave to file an amended notice of removal (Doc. 11) is **DENIED**. The Clerk of Court is **DIRECTED** to strike the amended notice of removal filed by State Farm and Darr without the Court's permission (Doc. 14) from the record of this case. The motion for remand (Doc. 12) and amended motion for remand (Doc. 15) brought by Mr. and Mrs. Stanley are **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction and by reason of procedural defects in the removal of the case, to wit, McCann's failure to consent to the removal and the untimeliness of the removal. Mr. and Mrs. Stanley's request pursuant to Section 1447(c) for an award of just costs and any actual expenses, including attorney fees, incurred as a result of the removal of this case is **DENIED**. The motion to dismiss and to strike brought by State Farm and Darr (Doc. 6) is **DENIED as moot**.

    **IT IS SO ORDERED.**

    DATED: December 29, 2010

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge